UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HUGH HOWARD AND SAM HOWARD,**

    **Plaintiffs,**

**v.**

**IRWIN JOSEPH, HEATHER MORSE,
and SUPERIOR COURT OF CALIFORNIA,**

    **Defendants.**
_____/

Case No. 10-11880

Honorable Denise Page Hood

**ORDER DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court Plaintiff's Motion to Reconsider Dismissal.  On March 31, 2011, the Court entered a Judgment and Order dismissing Plaintiff's Complaint.  Plaintiff filed a Motion to Reconsider Dismissal on April 22, 2011.

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice.  *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise.  E.D. Mich. LR 7.1(h)(2).  Plaintiffs' motion is timely filed.  The Local Rule further states:

> (3) **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or

>reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiff argues that this Court entered its dismissal order without comprehension of the facts. Plaintiff asserts that this matter has little to do with domestic issues and that the commissioner in the Santa Cruz, California case failed to secure jurisdiction over the matter. Plaintiff reargues that this Court has jurisdiction over this matter. Plaintiff's current motion re-hashes the same issues raised in his Complaint, motions and response to Defendant's Motion to Dismiss. The Court finds that the instant motion presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration **(Doc. No. 34 , filed April 22, 2011)** is DENIED.

                                                     S/Denise Page Hood  
                                                     Denise Page Hood  
                                                     United States District Judge

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was served upon Hugh Howard, 17473 Middlebelt Road, Romulus, MI 48174 and counsel of record on February 29, 2012, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager